Dykman, J.
This is an action by the administratrix of Sylvester Byrnes for the recovery of damages resulting in his death.
Byrnes was a brakeman in the service of the defendant, and was engaged on a freight train which ran between Port Jervis and Deposit. On the 25th day of .February, 1884, his train was going east, and there was a car of lumber on a side track at Lovdville to be taken into his train. When the train approached Lordville the engine was loosened from it while it was in motion, and ran down with greater speed than the disconnected train to the vicinity of the lumber car. That car stood upon a switch on the west side of the track and was connected with the main track at one end only, being what is known as a blind switch. The open end of the switch was at the west towards the coming train. To start the car and run it to and upon the main track, one end of a bar of wood called a stake was placed at the rear end of the engine after it passed the lumber car, and the other end against the front or east end of the lumber car, and then the engine was started back, and thus propelled the car along the switch and upon the main track. That maneuver is called staking out a car. By the time this car was thrown upon the main track at the mouth of the blind switch, the train, still in motion, had approached within about fifty feet of the car. Byrnes was then on the top of the train, and near the front end, and after setting the brake there, he went down from the train and ran to the lumber car then coming towards him, ascended the car while it was in motion, and reached the wheel of the brake, and made some move to turn the wheel. At that instant the lumber car and the train came together with violence and shot the lumber back, and Byrnes was caught between it and the car behind, and received injuries from which he died in a few days.
The lumber was loaded on the car by Charles Beasmer and he was employed to do so by William Halbert, and Beasmer testified upon the trial that he loaded the lumber against the brake rod and when he came to the brake wheel he put it around the outside. On his cross-examinatian he said he placed the lumber even with the front end of the car, by which he meant the end towards Narrows-burg, or towards the east. He said the lumber was even there, but that the brake was on the other end. That the lumber projected over the hind end, but evened the front. It was that brake at the hind or westerly end of the lumber car, which Byrnes endeavored to reach and secure when he mounted the lumber car.
The testimony of Beasmer respecting the obstruction of the brake by the lumber was contradicted by two or three *556 witnesses, who stated that there was no lumber against the brake, and that the same was free and there was sufficient open space around it to work the same, and that it was in working order. So there was a sharp controversy over this subject, which was the basal fact of the plaintiff’s case.
The question was fairly submitted to the jury, and the plaintiff - received the verdict.
The fact was thus established in her favor, and as the car was not loaded by a person in the service of the company, no- negligence in loading the same, can be made available to defendant in this action.
According to the verdict, therefore, the defendant furnished a car upon which the deceased man was to perform his duties; which was useless and unmanageble, by reason of the condition of the brake, and his death resulted from such condition of the brake.
With these facts established, we cannot interfere with the verdict. If the lumber was piled against the staff and over the wheel of the brake it could not be applied and was as useless'as if it had been removed from the car, and it is plain from the conduct and actions of the deceased man that he set the brake tight on the main train, and then left it and mounted the car of lumber to set the brake on that, also, and so arrest the motion of both and prevent an injurious collision, and if the brake on the lumber car had been in a condition to have been seized and applied at once, its effect upon the motion of the car would have been instantaneous, and its motion could have been graduated by the deceased, as soon as the car was under the control of the brake.
There was no contributory negligence on the part of the ‘ deceased. He was in the line of his duty and had a right to suppose, when he mounted the car, that the brake was ■in good working condition.
The motion for a new trial by reason of the occurrences subsequent to the retirement of the jury was also properly denied. The jury requested to be furnished with certain testimony," and the request was denied. There was no request for further instruction and neither of the counsel requested to have the jury called back for any purpose.
The failure therefore to furnish the testimony was not an error.
The judgment and order denying the motion for a new trial on the minutes should be affirmed with costs, and the order denying the motion to set aside the verdict should be affirmed, with ten dollars costs and disbursements.
Barnard and Pratt, JJ., concur.